**The VETTE SHOP, INC., a Michigan Corporation, Plaintiff-Appellant,**

v.

**Kenneth J. ROY, d/b/a Ken's Vette Shop, Defendant-Appellee.**

**No. 75–2059.**

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1976.

Decided Sept. 13, 1976.

Ronald I. Schwartz, Linden, Schwartz & Gordon, P.C., Southfield, Mich., for plaintiff-appellant.

George E. Thick, Thick, Bush, Webber & Frank, George C. Bush, Saginaw, Mich., for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and ENGEL, Circuit Judges.

PER CURIAM.

This case involves a registered trademark and servicemark, "Vette Shop." The action was brought under the Lanham Act to obtain an injunction to protect the trademark and servicemark. District Judge James Harvey denied the application for injunction, ordered the cancellation of the registrations and entered judgment for the defendant. Plaintiff appeals. We affirm.

The appellant began business in 1957 as a Corvette repair shop in Southfield, Michigan, and its business now includes substantial mail order sales in Corvette speciality items, parts and accessories. A federal trademark was obtained on August 6, 1968, and a federal servicemark was issued on April 14, 1970. Appellee Kenneth J. Roy began business in 1966 in Saginaw, Michigan, as "Ken's Vette Shop." He filed an assumed name certificate with the Saginaw County Clerk's Office under a State statute.

In 1973 appellant discovered that Roy was doing business as "Ken's Vette Shop" and advised him to desist from the use of the name "Vette Shop." Roy refused to alter the name of his business, and this action was brought under 15 U.S.C. § 1051 *et seq.* seeking injunctive relief.

The District Court found that Roy "has never attempted to palm off plaintiff's parts and accessories as those of his own," that he has "never represented that he manufactured or was in any way associated with the manufacture of those goods sold under plaintiff's trademark" and that he "had not misled or deceived the public in this respect." Another finding of fact was that "There is no evidence that the public has been confused as to the origin of plaintiff's parts and accessories which are

bought from defendant." The court held that "Vette" is a descriptive word, describing a Corvette automobile, and that the record does not show that the term "Vette Shop" has any secondary meaning which may be attributed to the efforts of plaintiff. The court concluded that the term "Vette Shop" is a generic term and not subject to protection under the Lanham Act. *See, American Heritage Life Ins. Co. v. Heritage Life Ins. Co.,* 494 F.2d 3 (5th Cir.1974).

It is our opinion that the findings of fact of the District Court are not clearly erroneous, Fed.R.Civ.P. 52(a), and that the conclusions of law are correct.

Affirmed.